McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
DENNIS J. HANNA
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8943
    Facsimile:  (415) 744-0134
    E-Mail: Dennis.Hanna@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| JAMES FISCHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE[1], ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL NO. 1:05cv01533 DLB <br><br> STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d)) AND COSTS (28 U.S.C. § 1920) |

    IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that counsel for Plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of TWO THOUSAND SIX HUNDRED FORTY FIVE DOLLARS AND EIGHTY CENTS (**$2,645.80**) and costs in the amount of TWO HUNDRED AND FIFTY DOLLARS AND NO CENTS (**$250.00**).  This amount represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action for services performed before the

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

district court in accordance with 28 U.S.C. §§ 1920 and 2412(d).

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and costs and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment in the aforementioned sum under EAJA shall constitute a complete release from and bar to any and all claims, rights, causes of action, liens or subrogated interests relating to attorneys fees incurred in this action under EAJA.

The settlement of Plaintiff's claim for EAJA attorney fees does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

Respectfully submitted,

Dated: *February 23, 2007*         */s/ Timothy T. Flynn*
                                    *(As authorized via e-mail on February 23, 2007)*
                                    TIMOTHY T. FLYNN
                                    Attorney for Plaintiff

Dated: *February 23, 2007*         McGREGOR W. SCOTT
                                    United States Attorney
                                    LUCILLE GONZALES MEIS
                                    Regional Chief Counsel, Region IX
                                    Social Security Administration

                                    */s/ Dennis J. Hanna*
                                    DENNIS J. HANNA
                                    Special Assistant United States Attorney

IT IS SO ORDERED.

**Dated:   February 27, 2007**              **/s/ Dennis L. Beck**
9b0hie                                       UNITED STATES MAGISTRATE JUDGE